IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-32582-H1-7 |
| SHAKIR'S INTERNATIONAL, LLC | § | |
| | § | (Chapter 7) |
| Debtor | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | § | |
| Plaintiff | § | ADVERSARY NO. _____ |
| | § | |
| v. | § | |
| | § | |
| MUNIRA SHAKIR | § | |
| Defendant | § | |

## TRUSTEE'S ORIGINAL COMPLAINT

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Rodney Tow, Trustee ("**Trustee**") of the bankruptcy estate of Shakir's International, LLC and respectfully represents as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1.   Trustee was appointed on May 5, 2014 and is the duly appointed Chapter 7 trustee of Shakir's International, LLC.

2.   Munira Shakir ("**Shakir**") is an individual residing in Houston, Texas, and was, at all times relevant to Trustee's claims against her, a member, officer and employee of Shakir's International, LLC (the "**LLC**"). Shakir may be served at her principal place of residence at 16706 Vivian Point Ln., Houston, TX 77095.

3.   Jurisdiction of the claims asserted in this adversary proceeding is given to this Court by virtue of 28 U.S.C. §§ 157, 1334. The claims asserted herein are "core" matters within the

-1-

meaning of 28 U.S.C. § 157(b).  Trustee hereby consents to this Court's entry of any final order or final judgment in this adversary proceeding.  If the Defendant does not consent to this Court's entry of final orders and judgments, this Court has authority to submit proposed findings of fact and conclusions of law to the District Court for entry of a final judgment.  *Wellness Int'l Network, Ltc. v. Sharif*, 135 S. Ct. 1932, 1940, 1944–45 (2015); *Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Ins. Agency, Inc.)*, 134 S. Ct. 2165, 2172–73 (2014).

4. Venue of this adversary proceeding is proper by virtue of 28 U.S.C. § 1409.

## II. FACTUAL ALLEGATIONS

5. In September 2011, Shakir formally took over or otherwise acquired the business of selling used clothing overseas from one or both of her sons.  In reality she had been running this business through her sons since sometime in 2010.   Trustee suspects that this arrangement was motivated by Shakir's immigration status prior to September 2011 when she was not a permanent resident alien.

6. The formal manifestation of Shakir's acquisition of the business was the formation of the LLC and the use of its name for some business purposes.  Although the ostensible books and records of the LLC are incomplete, inaccurate and misleading, Trustee has been able to determine that Shakir used the LLC as if it were a sole proprietorship, diverting its funds to numerous nonbusiness, personal uses.

7. Unfortunately, most of the diversions of the LLC's cash cannot be traced to a specific asset.  However, on or about October 11, 2012, Shakir purchased a residence commonly known as 16706 Vivian Point Lane, Houston, Texas 77095 (the "**Property**") for $239,000.00. Shakir used at least $200,363.00 of the LLC's funds to purchase the Property.  Upon information and belief, the additional funds used to purchase the Property were also advanced by the LLC.

These funds were not compensation for Shakir and were not reported as such on her federal income tax return.  Although the LLC's records identified the bank accounts to which the advances were made, they did not specifically identify them as an advance or loan to Shakir.  Further, the sworn schedules and statements of financial affairs filed in this case and Shakir's personal bankruptcy case (Case No. 14-32639) show no creditor relationship between Shakir and the LLC and no transfer of these funds to her.  In keeping with her practice of treating the LLC as her personal piggy bank, Shakir simply took the LLC's funds to purchase the Property without providing anything of value in exchange for the monies or without documenting the transfer as an advance, loan or gift.

### III.   FIRST CAUSE OF ACTION—FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(A)(1)(B)

8. Trustee reasserts all facts and allegations set out in this Complaint.

9. The Bankruptcy Code provides that Trustee may

avoid any transfer of an interest of the debtor in property . . . that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily:

> (B) (i) received less than reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; . . .
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>
> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business

11 U.S.C. § 548(a)(1)(B).

10. The Property was purchased on October 12, 2012 within two (2) years of the LLC filing bankruptcy. Shakir, as the signatory on the LLC's bank accounts, initiated the wire transfers from the LLC to her personal accounts which were then used to purchase the Property in her name. The LLC received no value in exchange for the transfer of these funds.

11. Upon information and belief, at the time the Property was purchased with the LLC's funds, the LLC was insolvent or alternatively, became insolvent as a result of the use of its funds.

12. Further, the LLC, through Shakir, intended to incur or reasonably should have believed that the LLC would incur debts beyond its ability to pay as they became due.

13. Finally, the use of the LLC's funds was for the benefit of Shakir who was at all times an insider under a contract of employment. This use of the LLC's funds was not in the ordinary course of its business.

### IV. SECOND CAUSE OF ACTION—FRAUDULENT TRANSFER PURSUANT TO TEXAS STATE LAW AND 11 U.S.C. § 544(B)

14. Trustee reasserts all facts and allegations set out in this Complaint.

15. Section 24.005 of the Texas Business and Commerce Code provides that a

transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditors claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligations:

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

   a. Was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

   b. Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

*S.E.C. v. Resource Dev. Intern., LLC*, 487 F.3d 295, 300 (5th Cir. 2007).

16. Trustee may initiate this action under Texas state law pursuant to 11 U.S.C. § 544(b). Trustee alleges that the LLC's creditors, including Tasneem Shujauddin and Kutbuddin Lokhandwala, hold unsecured claims allowable under section 502 of the Bankruptcy Code which arose prior to or within a reasonable time after the purchase of the Property.

17. Upon information and belief, at the time of the purchase of the Property, the LLC, through Shakir, was engaged or was about to engage in business for which the LLC's assets were unreasonably small in relation to the LLC's business. Further, upon information and belief, the LLC, through Shakir, intended to incur or reasonably should have believed that the LLC would incur debts beyond the LLC's ability to pay as they became due.

18. Alternatively, Shakir's purchase of the Property with the LLC's funds represents a transfer to an insider at the time when the LLC was insolvent or when Shakir had reasonable cause to believe the LLC would become insolvent.

## V.   THIRD CAUSE OF ACTION—UNJUST ENRICHMENT

19. Trustee reasserts all facts and allegations set out in this Complaint

20. Although Shakir has continually asserted the Property belongs to her, in truth, at least $200,363.00 of the LLC's funds were used to purchase the Property. Shakir accepted this benefit without providing any consideration to the LLC. As a result, the purchase of the Property unjustly or unconscionably benefitted or enriched Shakir. The Property or its value should be returned to Trustee as the successor to the LLC.

## VI.   FOURTH CAUSE OF ACTION – RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

21. Trustee reasserts all facts and allegations set out in this Complaint.

22. To the extent the transfers of the LLC's funds to Shakir are avoided, Trustee is entitled to judgment against Shakir for return of the Property or for the value of the funds used to purchase the Property under 11 U.S.C. § 550.

## VII. CONSTRUCTIVE TRUST

23. Trustee reasserts all facts and allegations set out in this Complaint.

24. A constructive trust is an equitable remedy which may be imposed when a defendant has acquired legal title to property and under the circumstances the defendant should not, in good conscience, retain the beneficial interest in the property. In such a situation, the defendant merely holds title of the property for the benefit of those who are entitled to ownership thereby preventing unjust enrichment to the defendant.

25. At least $200,363.00 of the LLC's funds were used to purchase the Property and no benefit was gained by the LLC in exchange. Shakir has been unjustly enriched by the use of the LLC's funds to purchase the Property. As such, the Trustee requests that a constructive trust be imposed on the Property for the benefit of the LLC's bankruptcy estate.

## VIII. RECOVERY OF ATTORNEY'S FEES
## PURSUANT TO TEX. BUS. AND COMM. CODE § 24.013

26. Trustee reasserts all facts and allegations set out in this Complaint.

27. In a proceeding brought under the Texas Uniform Fraudulent Transfer Action, "the court may award costs and reasonable attorney's fees as are equitable and just." Tex. Bus. & Comm. Code § 24.013. As a result, Trustee requests reasonable attorneys' fees and costs for prosecuting his fraudulent-transfer claims against Shakir.

WHEREFORE, Trustee requests that this Court enter a final order or judgment, awarding him:

    a. Avoidance of the transfers in issue for the Property;

-7-

    b.    Injunctive relief in the event that Shakir or anyone acting in concert with her attempts to dispose of or encumber the Property;

    c.    Imposition of a constructive trust for the benefit of the Estate of the LLC;

    d.    Reasonable attorney's fees and costs as provided by Section 24.013 of the Texas Business and Commerce Code; and

    e.    Such other relief as the circumstances may require or is just and equitable.

Respectfully submitted,

*/s/ Theresa Mobley*
THERESA MOBLEY
State Bar No. 14238600
VIANEY GARZA
State Bar No. 24083057

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone: (713) 789-0500
Telecopier: (713) 974-0344
ATTORNEYS FOR
RODNEY TOW, TRUSTEE