IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHAKIR'S INTERNATIONAL, LLC. | § | CASE NO. 14-32582-H1-7 |
| | § | (CHAPTER 7) |
| | § | |
| RODNEY TOW, TRUSTEE | § | |
|    Plaintiff, | § | ADVERSARY NO. 15-3239 |
| | § | |
| v. | § | |
| | § | |
| MUNIRA SHAKIR | § | |
|    Defendant, | § | |

## ANSWER TO TRUSTEE'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE MARVIN ISGUR OF UNITED STATES OF BANKRUPTCY COURT:

MUNIRA SHAKIR ("Defendant" herein) and who files this, Original Answer ("Answer") to the Trustee's Original Complaint ("Complaint") filed by trustee Rodney Tow ("Plaintiff") in the above referenced adversary proceeding.

1. Defendant admits the statements set forth in Paragraph 1-4. Defendant admits the claims set forth are the core matters within the meaning of U.S.C. §157(b).

2. Defendant admits allegations set forth in Paragraph 5 in part, and denies them in part. She admits that she was formally a member of Shakir's International, LLC in 2011. She admits that she had been helping her sons in the running of the clothing business prior to 2011. Defendant denies that her involvement in the company began in after 2011 motivated by her visa status.

3. Defendant admits the allegations set forth in Paragraph 6 in part, and denies them in part.

Defendant admits that the formal manifestation of the business was the formation of the LLC and the use of its name for some business purpose. Defendant relied on tax professionals to prepare her tax records for the years 2011, 2012 and 2013 in order to keep the records of Shakir's International LLC.

4.	Defendant admits the allegations set forth in Paragraph 7 in part, and denies them in part. Defendant admits that she purchased her homestead at 16706 Vivian Point Lane, Houston Tx 77095, ("homestead") on or about October 2012 for $239,000.00. Defendant used the funds provided by Anjuman E Shujaee Houston Inc. Quarzan Hasana Acct ("Corporation"), specifically for her homestead, as marked in the check provided by the corporation. The amount of the loan provided to purchase the homestead was $70,000. Defendant denies that she used Shakir's International, LLC as her personal piggy bank.

Defendant asserts that she relied on tax professionals to prepare her tax records for the years starting in 2011 in order to keep all the books and records of Shakir's International, LLC and her personal monies. According to her tax returns prepared by her professional accountant, Defendant was a 33.334% member of the LLC. She earned 33.334% of the net profit from the LLC that was about $170,000. Defendant also drew a salary of $9000 from the LLC as an employee of the LLC in 2012.

5.	Defendant admits to the assertions set forth in Paragraphs 8 and 9 as statements of the law.

6.	Defendant admits to the allegations set forth in Paragraph 10 in part and denies them in part. Defendant admits that her homestead was purchased within two years of the LLC filing bankruptcy. Defendant admits that she was the signatory on the LLC's bank accounts and transferred monies from and into the Shakir's International LLC's bank accounts. Defendant

denies that the LLC received no value in exchange for the transfer of these funds. Defendant was a 33.334% shareholder in the LLC, and earned her share of the profit as indicated in her 2012 tax returns. Also in her tax returns is her salary of $9000 drawn from the LLC.

7. Defendant denies the allegations set forth in Paragraph 11.

8. Defendant denies that she intended to incur debts beyond its ability to pay as they become due.

9. Defendant admits the allegations set forth in Paragraph 12 so far as Defendant used the proceeds earned from the LLC to purchase the home. Defendant denies that the funds were not used in the ordinary course of business.

10. Defendant admits to allegations set forth in Paragraphs 14 and 15 as they are statements of law.

11. Defendant admits to allegations set forth in Paragraph 16 so far as Tasneem Shujauddin and Kutbuddin Lokhandwala made investments prior to and within a reasonable time after the purchase of the homestead. These investments were solely for the use in Defendant's domestic used clothing business, and Shujauddin made a profit off this investment consistent with her expectations and with the business of the Defendant. Further sums of money were given to the Defendant when it was clear that she could no longer maintain her business and was declining. Debtor owes no debt to Kutbuddin Lokhandwala.

12. Defendant denies the allegation set forth in Paragraph 19 so far as her tax return for 2012, as prepared by her accountant indicates that the LLC earned a profit of about $170,000 in 2012.

13. Defendant denies the allegations in Paragraph 18 as the funds were transferred to Defendant and her sons as shareholders of the LLC as indicated by her tax returns. There were no funds transferred to benefit an insider.

14. Defendant admits to the allegations set forth in Paragraph 19, and denies in part the allegations set forth in Paragraph 20, as to the amount of the LLC's funds used to purchase the homestead. Defendant received a loan from the corporation in the amount of $70,000 primarily to purchase the homestead. The value of the home was $239,000.00 and $70,000 of the funds used to purchase the homestead were through the corporation loan.

15. Defendant admits and denies in part Paragraphs 21 and 22.

16. Defendant admits to the law set forth in Paragraphs 23 and 24. Defendant denies that at least $200,363.00 of the LLC's funds were used to purchase the homestead. Defendant acquired a loan from corporation to purchase the home in the amount of $70,000.

17. Wherefore, Defendant prays that this court find that Plaintiff takes nothing, and deny all relief requested by Plaintiff; and for all other relief, in law and equity, to which Defendant may show himself justly entitled.

Dated November 17, 2015.                                    Respectfully Submitted

 

_____
GAGAN KHAN
SBN: 24090207
The G.Khan Law Firm
PO Box 218175
Houston, TX 77218-8175
Ph; 832.930.1529
Fax: 281.790.6824
gagankhan@gkhanlawfirm.com
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and order, if applicable, has been forwarded to all counsel of record by e-filing and/or facsimile this day November 17, 2015.

THERESA D. MOBLEY

**CAGE, HILL & NIEHAUS, L.L.P.**
5851 SAN FELIPE, SUITE 950
HOUSTON, TEXAS  77057
MAIN: 713.789.0500
DIRECT: 713.789.3597
FAX: 713.974.0344

                                          Respectfully Submitted

                                          _____

                                          GAGAN KHAN.