IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-32582-H1-7 |
| SHAKIR'S INTERNATIONAL, LLC | § | |
| | § | (Chapter 7) |
| Debtor | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | § | |
| Plaintiff | § | ADVERSARY NO. 15-3239 |
| | § | |
| v. | § | |
| | § | |
| MUNIRA SHAKIR | § | |
| Defendant | § | |

**TRUSTEE'S EMERGENCY MOTION TO ENFORCE THE COURT'S DISCOVERY ORDER AND EXTEND PRETRIAL DEADLINES AND TRIAL DATE**

---

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE**

---

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, Rodney Tow, Trustee for the bankruptcy estate of Shakir's International, Inc. and files this Emergency Motion to Enforce the Court's Discovery Order and Extend Pretrial Deadlines and Trial Date, and in support thereof respectfully represents as follows:

**PROCEDURAL BACKGROUND**

1. This Adversary Proceeding was commenced on September 30, 2015. The scheduling conference was held on December 8, 2015. On that day, the Court entered its Initial Scheduling Order bifurcating trial and discovery to first determine if the Debtor was or became insolvent as a result of certain transfers made to the Defendant in October 2012 (the "**Order**"). The Order required the Defendant "to provide all tax returns, bank statements and accounting records for the two year period preceding the first transfer and the one year period following the last transfer" by no later than January 15, 2016 (the "**Order**"). (Doc. No. 13). The Trustee was required to provide an expert report to Defendant's counsel within 45 days of receipt of the final documents from Shakir.

2. On or about January 15, 2016, Defendant's counsel scanned multiple documents pursuant to the Order and sent the CD by Federal Express. The Trustee received the documents from Ms. Shakir in the form of a CD the week of January 18, 2016. Trustee's counsel provided all documentation to his expert thereafter.

**FACTUAL BACKGROUND**

3. After review of all of the documentation, the Trustee's expert determined that several categories of documents were not produced, were incomplete when produced, or were of poor quality and therefore unreadable. Consequently, Trustee's expert is unable to identify the purpose of $4.9 million of disbursements from the Debtor including $4.3 million of unidentified

checks.  The lack of documentation makes it impossible to identify approximately 81% of the distributions made from the Debtor's business accounts.

4. Moreover, Trustee's expert was unable to reconcile the information against the Debtor's tax returns as it appears the Debtor's accountants classified all disbursements from the company as either expenses or costs of goods sold.  However, from the information available to the expert, at least $61,500 of the Debtor's funds were used at non-business related stores for groceries, restaurants and entertainment, personal household items, and jewelry.  Given that over $4.3 million of disbursements remain unaccounted for, there are likely additional disbursements made for the Defendant's personal use.  The tax returns also contradict the Defendant's deposition testimony given in her personal bankruptcy case and the Defendant's Answer filed in this proceeding.  Specifically, the Debtor's 2012 return shows the Debtor had ordinary business income of $170,946 which was distributed to the Defendant, Kausar Ali and Hussain Shaikh, not just to the Defendant as suggested by her Answer.  Further, although she previously testified that she made approximately $6,000 per month, the Debtor's tax return only shows $9,000 in officer compensation and $43,835 as salaries and wages.   As a result of these inconsistencies, additional source information is needed to prepare a sound expert report.

5. On February 12, 2016, counsel for the Trustee provided Defendant's counsel with a list of additional documentation needed to complete the report including bank accounts, tax returns, work papers and QuickBooks files. On February 24, 2016, Defendant's counsel represented that Defendant has requested bank statements but made no mention of the tax returns, work papers or QuickBooks files.  As of the filing of this motion, the Defendant has yet to produce any additional documentation.

6. This is not the first instance where the Defendant has failed to produce information requested of her. In the Defendant's personal case, counsel for Tasneem Shujauddin and Kutbuddin Lokhandwala requested business account records which remained unproduced. The Trustee also requested the same information before initiating this Adversary Proceeding. Now, even after entry of this Court's Order, the Defendant has still failed to produce the documentation needed to complete his expert report.

## RELIEF REQUESTED

7. The Defendant has failed to comply with the Order making it impossible for his expert to provide an accurate report on insolvency in the time originally contemplated by the Court. As such, the Trustee requests that the Court compel the Defendant to comply with the Order and provide the Trustee with the following documents:

   a. The complete bank statement for Account 2952 for October, November, and December 2011;

   b. Copies of checks for accounts ending in 2952, 2363, 7341, 5587 and 2842 from January 1, 2011 to December 31, 2013 in a readable size;

   c. Complete bank statements for accounts ending in 1857, 1664, 0016, 4066, 5226, 7949, 5749, 4196, or, if any of these accounts are not owned by Shakir International, the Defendant or an insider of either, the account ownership documentation;

   d. Complete copies of the filed tax returns for Shakir's International for 2012, 2013, and 2014 including all supporting schedules;

   e. Complete copies of the filed personal tax returns for Munira Shakir for 2011, 2012, 2013 and 2014 including all supporting schedules;

   f. Complete work papers of Huned Doctor, CPA for all related entities of Shakir International and the Defendant;

   g. Complete QuickBooks files for Shakir's International for .qbw or .qbb format, uncompressed, and with associated passwords;

        h.        Detailed monthly balance sheets from 2011, 2012, 2013 and 2014 to the customer level of detail on an accrual basis, summarized by customer;

        i.        Detailed monthly income statements from 2011, 2012, 2013 and 2014 to the customer level of detail on an accrual basis, summarized by customer; and

        j.        A complete list of monthly liabilities and accounts receivables for 2011, 2012, 2013, and 2014.

8. Trustee requests that these documents be provided by no later than March 30, 2016.

9. As the Defendant has not provided these documents, the Trustee also requests that his deadline to provide the expert report be extended to no later than 45 days after receipt of the final documents from Ms. Shakir.

10. Finally, Trustee requests that the initial trial currently scheduled for March 23, 2016 be reset on or after June 5, 2016.

11. Trustee has requested emergency consideration on this matter. Although the Defendant failed to produce complete records, the Order contemplated that the Trustee would provide his expert report to the Defendant by no later than February 29, 2016. At this stage, the Trustee cannot comply with that deadline. Consequently, the Trustee requests emergency consideration on this Motion.

Wherefore, premises considered, the Trustee requests that the Court (i) compel the Defendant to comply with the Order by providing the documents identified herein by no later than March 30, 2016, (ii) extend the deadline for the Trustee to provide his expert report to 45 days after receipt of all such documents, (iii) reset trial to on or after June 5, 2016, and (iv), for all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Theresa Mobley*
THERESA MOBLEY
State Bar No. 14238600
VIANEY GARZA
State Bar No. 24083057

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone: (713) 789-0500
Telecopier: (713) 974-0344
ATTORNEYS FOR
RODNEY TOW, TRUSTEE

## CERTIFICATE OF CONFERENCE

On February 24, 2016, counsel for the Trustee contacted Defendant's counsel, Gagan Khan by electronic mail informing her of the Trustee's intent to file this motion and requested her position. On the 25th, Ms. Khan indicated that she agreed to the extension but that indication was not unequivocal.

*/s/ Vianey Garza*
VIANEY GARZA

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, a true and correct copy of the Trustee's Emergency Motion to Enforce the Court's Discovery Order and Extend Pretrial Deadlines and Trial Date was served upon Defendant's counsel as provided below.

**Defendant's Counsel (*via BK/ECF*)**
Gagan Khan
The G. Khan Law Firm
gkhanlegal@gmail.com

*/s/ Vianey Garza*
VIANEY GARZA