IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 14-32582-H1-7 |
| SHAKIR'S INTERNATIONAL, LLC | § § | (Chapter 7) |
| Debtor | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE<br>Plaintiff | § § § | ADVERSARY NO. 15-3239 |
| v. | § § | |
| MUNIRA SHAKIR<br>Defendant | § § | |

## DEFENDANT'S MOTION TO COMPEL DISCLOSURE

Defendant respectfully requests this Court to compel the Plaintiff to disclose the documents that are listed in Exhibit 1 attached hereto.

### BACKGROUND

The Defendant in these adversary proceedings has previously handed over copies and/or originals of all documents requested by the Plaintiff in its discovery requests. These documents include but are not limited to the documents that are listed in Exhibit 1 attached hereto. This Honorable Court had previously directed the Plaintiff to ensure that all documents provided to it by the Defendant in response to the Plaintiff's discovery requests were kept in its safe custody and were made available to the Defendant for her inspection at the Plaintiff's office as needed.

On July 20, 2016 the Plaintiff, through its attorney, provided to the Defendant by email a copy of an expert report to be used by the Plaintiff in the adversary proceedings ("Report"). The Report refers

to several documents, particularly in its Exhibit A but also generally elsewhere in the Report[1], which the Plaintiff's expert had allegedly analyzed and relied upon in order to reach the conclusions drawn in its Report. The Report addresses the alleged insolvency of the Debtor (i.e. the LLC of which the Defendant and her two sons are members) and therefore the allegations made therein are material to the Defendant's case. After reviewing the Report, the Defendant was of the view that many of the allegations made therein were inconsistent with the documents provided by it to the Plaintiff or based on an incorrect reading of those documents. To confirm this, the Defendant on August 8, 2016 visited the Plaintiff's office to inspect some of these documents but was informed that the documents were not available. Given that this refusal to let her inspect her own documents was in direct contravention of this Court's express instruction to the Plaintiff, the matter was raised before this Honorable Court at the status/scheduling conference that was held on August 24, 2016. The Court directed the Plaintiff to provide to the Defendant on September 9, 2016, copies of all documents in the Plaintiff's custody pertaining to these adversary proceedings, including but not limited to the documents referred to in the Report.

On September 9, 2016 the Defendant went to the Plaintiff's office where she was provided with three (3) CDs which were supposed to contain copies of all the documents referred to in the Report. Upon review the Defendant discovered that the CDs did not include several documents which are referred to in the Report and which therefore bear significantly on the Defendant's case. These missing documents are listed in Exhibit 1 attached hereto.

**BASIS FOR RELIEF**

The Defendant respectfully requests that this Honorable Court order the Plaintiff to provide all responsive documents to the above cited request. The Plaintiff cannot argue that the requested documents are not material to the Defendant's case as they are all referred to in the Report, which addresses a material dispute of fact in these adversary proceedings, i.e. the Debtor's solvency in October 2012.

---

[1] For example, the Report at page 4 notes that *"federal income tax returns for both [the Debtor] and its shareholders"* were examined by the expert. However, Exhibit A to the Report does not list the shareholder's tax returns.

The Plaintiff's failure to disclose the documents listed in Exhibit 1 hereto materially and adversely affects the Defendant's position in this case. For example, the Plaintiff is seeking to argue that the Debtor was insolvent in October 2012 when funds were transferred from the Debtor's account to the Defendant's personal account. However, it is the Defendant's position that these funds represented the profits to which the Defendant and her two sons were entitled as members of the LLC. The Defendant seeks to prove this by reference to her individual tax return for 2012 which shows her income from business profits in 2012, but the Plaintiff has failed to provide this document.

**REQUEST FOR RELIEF**

For the foregoing reasons, the Defendant respectfully requests the Court to order the Plaintiff to produce the requested documents as listed in Exhibit 1 hereto.

Respectfully submitted

**MUNIRA SHAKIR**
**DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I initially communicated my request to examine the documents listed in Exhibit 1 hereto, along with others, to staff at the Plaintiff's office in person August 8, 2016 but the documents were not produced. On August 24, 2016 this Honorable Court directed the Plaintiff to provide copies of the documents listed in Exhibit 1 hereto, along with others, to the Defendant at the Plaintiff's office on September 9, 2016. However the documents provided were incomplete. Exhibit 1 hereto identifies the missing documents. Therefore this notice was filed.

# EXHIBIT A

1. Federal income tax return of Munira Shakir for the year 2012.

2. Federal income tax return of Shakir's International LLC for the year 2011, as listed at serial no. 20 in Exhibit A to the Report.

3. The document identified as "Shakir_Informal Document Production.pdf" at serial no. 34 in Exhibit A to the Repot.

4. The document identified as "Shakir_Kausar_8447_2012.10.01 to 2013.06.12" at serial no. 35 in Exhibit A to the Repot.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and order, if applicable, has been sent by mail and filed on Friday September 23, 2016 to the following:

Counsel for the Plaintiff:

Theresa Mobley
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057

OF COUNSEL:

Charles E. Long
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057

By: /s/ _____

Munira Shakir

Defendant